UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARILYN LYNETTE MURRELL,

        Plaintiff,

                   Case # 16-CV-6274-FPG

v.

                   DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

   Marilyn Lynette Murrell ("Murrell" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

   Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

   On February 25 2013, Murrell applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 157-58. She alleged disability since January 27, 2013 due to diabetes, neuropathy and pain in her upper and lower extremities, depression, memory loss, bilateral carpal tunnel, lightheadedness and dizziness, high blood pressure, and sleep difficulties. Tr. 179. On

---

[1]  Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]  References to "Tr." are to the administrative record in this matter.

August 7, 2014, Murrell and a vocational expert ("VE") testified at a hearing via videoconference before Administrative Law Judge Roxanne Fuller ("the ALJ"). Tr. 29-60. On November 7, 2014, the ALJ issued a decision finding that Murrell was not disabled within the meaning of the Act. Tr. 12-24. On March 3, 2016, the Appeals Council denied Murrell's request for review. Tr. 1-7. Thereafter, Murrell commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

I.  **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Murrell's claim for benefits under the process described above. At step one, the ALJ found that Murrell had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At step two, the ALJ found that Murrell has the following severe impairments: diabetes, fibromyalgia, carpal tunnel syndrome, hypertension, hyperlipidemia, depression, mood disorder, and adjustment disorder. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 14-17.

Next, the ALJ determined that Murrell retained the RFC to perform sedentary work[3] with additional limitations. Tr. 17-22. Specifically, the ALJ found that Murrell cannot climb ramps, stairs, ladders, ropes, or scaffolds; can occasionally balance, stoop, crouch, kneel, and crawl, and operate a motor vehicle; can tolerate occasional exposure to moving mechanical parts and unprotected heights; can frequently handle and finger objects; can perform simple, routine, and repetitive tasks; and requires a cane to walk and stand. Tr. 17.

At step four, the ALJ relied on the VE's testimony and concluded that Murrell cannot perform her past relevant work. Tr. 22-23. At step five, the ALJ relied on the VE's testimony and found that Murrell can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 23-24. Specifically, the VE testified that Murrell could work as a new account clerk, bench work assembler, and polisher. Tr. 23. Accordingly, the ALJ concluded that Murrell was not "disabled" under the Act. Tr. 24.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

**II.     Analysis**

Murrell argues that remand is required because the Appeals Council violated the treating physician rule. ECF No. 13-1 at 16.[4] Specifically, Murrell asserts that the Appeals Council erred when it failed to provide "good reasons" to support its conclusion that opinions from her treating physicians did not provide a basis for changing the ALJ's decision. *Id.* The Court agrees.

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *see also Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

When evidence submitted to the Appeals Council "consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." *James v. Comm'r of Soc. Sec.*, No. 06-CV-6108 DLI/VVP, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009); *see also Toth v. Colvin*, No. 5:12-CV-1532 (NAM/VEB), 2014 WL 421381, at *6 (N.D.N.Y. Feb. 4, 2014) (citing *Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir.1999) and 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Toth*, 2014 WL 421381, at *6 (citations omitted).

---

[4]     Murrell advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No 13-1 at 20-27. However, the Court will not address those arguments because it disposes of this matter based on the Appeals Council's error.

Here, Murrell submitted three medical source statements to the Appeals Council from her treating physicians Dr. Chen, Dr. Cheema, and Dr. Singh. Tr. 687-90, 691, 696. In denying Murrell's request for review, the Appeals Council merely stated that it "considered whether the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record," however, it "found that this information does not provide a basis for changing the [ALJ]'s decision." Tr. 2. This conclusory statement is insufficient and falls far short of the "good reasons" required to reject a treating physician's opinion. Accordingly, remand is required. *See Toth*, 2014 WL 421381, at *6 (remanding where "the Appeals Council not only failed to provide 'good reasons' for disregarding the treating physician's opinion, it did not provide any reasons at all").

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 29, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court